# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**RONNIE JACKSON,**

    Petitioner,

v.                                              Case No. 1:17cv103-MW/CAS

**GARY MILLER, Acting Warden,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER
## HABEAS CORPUS PETITION and DENY MOTION TO DISMISS

On or about March 20, 2017, Petitioner Ronnie Jackson, also known as Hasan Ali, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. He subsequently filed an amended § 2241 petition, ECF No. 5, and a supplemental memorandum, ECF No. 7.

Respondent has filed a motion to dismiss the petition. ECF No. 23. Respondent asserts Petitioner is incarcerated in the Middle District of Florida and challenges his present physical confinement. *Id.* at 2-3. Respondent argues this Court does not have jurisdiction over this case because Petitioner is not confined within the Northern District. *Id.* at 3-4. Respondent argues this Court should dismiss the petition without prejudice to him filing it in the Middle District. *Id.* at 6.

A review of the case reflects that Petitioner Jackson challenges his current confinement and has properly named the warden of the prison as the Respondent in this case. See ECF Nos. 1 and 5; 28 U.S.C. § 2242. Petitioner Jackson is incarcerated at the United States Penitentiary in Coleman, Florida, which is located in Sumter County, in the Middle District of Florida. See 28 U.S.C. § 89(b). Therefore, as Respondent argues, this Court does not have jurisdiction in this case because both Petitioner and Respondent are located in the Middle District. Rather than dismissing the petition, however, it is respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Ocala Division, for all further proceedings, and the motion to dismiss (ECF No. 23) be **DENIED as moot**.[1]

**IN CHAMBERS** at Tallahassee, Florida, on September 7, 2017.

> **S/ Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

---

[1] The undersigned is aware that Petitioner Jackson has appealed this Court's order, ECF Nos. 14 and 16, denying his "Motion for Hearing Instanter," ECF Nos. 12 and 13, in which he sought a bail hearing, and the appeal appears to be pending in the Eleventh Circuit Court of Appeals. The pending appeal does not deprive this Court of jurisdiction to act on the motion to dismiss. See Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003) (explaining that "[a]s a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal" but it does not prevent district court "from entertaining motions on matters collateral to those at issue on appeal").

Case No. 1:17cv103-MW/CAS

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**